Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**STAN G. WYRICK**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Dec 21 2012, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JOSEPH LAMAR JOHNSON,          )
                               )
    Appellant-Defendant,       )
                               )
        vs.                 )    No. 18A04-1206-CR-316
                               )
STATE OF INDIANA,              )
                               )
    Appellee-Plaintiff.        )

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Linda Ralu Wolfe, Judge
Cause No. 18C03-1004-FA-2

**December 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Joseph Lamar Johnson was convicted of Class D felony[1] possession of marijuana after a jury found him guilty of Class A misdemeanor possession of marijuana and found he had previously been convicted of possession of marijuana. The court sentenced Johnson to two and one-half years in the Indiana Department of Correction. He now appeals arguing his sentence was inappropriate for his character and crime. We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 17, 2010, the Indiana State Excise Police executed a search warrant at the BMW club in Muncie, Indiana. As Johnson attempted to run out of the club to evade police, he threw a bag of marijuana behind the bar. He was arrested and charged with Class D felony dealing in cocaine,[2] possession of marijuana as a Class A misdemeanor, and possession of marijuana as a Class D felony. In addition, the State alleged he was an habitual substance offender.[3]

In a trifurcated trial, a jury first found Johnson not guilty of dealing in cocaine, but guilty of possession of marijuana; it then found he had a prior conviction for possession of marijuana, which elevated his conviction to a Class D felony; and then it found him not to be an habitual substance offender. The court entered a judgment of conviction of Class D felony possession of marijuana.

At the sentencing hearing, the trial court first found an aggravator in Johnson's history of juvenile delinquency and his extensive record of adult criminal behavior, which included

---

[1] Ind. Code § 35-48-4-11(1).
[2] Ind. Code § 35-48-4-1(a)(2).
[3] Ind. Code § 35-50-2-10.

convictions of seventeen misdemeanors and five felonies. The trial court went on to find several other aggravating circumstances, including that prior attempts at correctional treatment and rehabilitation had not been successful, that possession of marijuana is a crime directed at the public at large, that he had a pattern of offenses involving possession or use of a controlled substance, and that there was a significant risk Johnson would commit another crime. As mitigating circumstances, the trial court found Johnson had family support, his imprisonment would result in undue hardship to his five dependent children, and during trial, Johnson admitted possessing marijuana and expressed remorse. The trial court gave minimal weight to these mitigating factors and sentenced Johnson to two and one-half years.

## DISCUSSION AND DECISION

Johnson argues his two and one-half year sentence is inappropriate in light of the nature of his offense and his character. Indiana Appellate Rule 7(B) permits us to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494

3

(Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). "A person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 1/2) years." Ind. Code § 35-50-2-7. Johnson's crime was a Class D felony because he had a prior conviction of possession of marijuana, but he did not have just one prior conviction for possession of marijuana, he had four. In addition, Johnson testified he had been sitting at a table with five other people rolling marijuana into a cigar when police executed the search warrant; he attempted to flee the scene; and when he could not escape, he threw his drugs behind the bar. These facts do not suggest his sentence is inappropriate for his crime.

When considering the character of the offender, one relevant fact is criminal history. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). The significance of a criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Johnson was twice adjudicated a juvenile delinquent -- the first time he illegally possessed alcohol as a minor, and the second time he possessed cocaine. Of his seventeen misdemeanor and five felony convictions, two of the felonies and three of the misdemeanors were for possession of illegal substances. While we are glad to hear "Johnson now presents a genuine positive attitude to improve and become a productive citizen," (Appellant's Br. at 14), and we hope that he continues on that path, his new attitude does not compel us to ignore his lengthy criminal history, nearly one-third of which were similar to the crime for which he was being sentenced herein. We cannot say Johnson's sentence is inappropriate in light of his character.

4

Given the "unique perspective a trial court brings to its sentencing decisions," *Rutherford*, 866 N.E.2d at 873, and the multiple aggravating circumstances found by the trial court, Johnson has failed to persuade us that his sentence is inappropriate. Accordingly we affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.